```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WILLIAM REYNOLDS and DOREEN REYNOLDS,  :     04 Civ. 6540 (SHS)
                                       :
              Plaintiffs,              :     OPINION & ORDER
                                       :
       -against-                       :
                                       :
THE CITY OF NEW YORK, NEW YORK CITY    :
POLICE DEPARTMENT, NEW YORK CITY       :
POLICE OFFICERS WASHINGTON AVILA and   :
DANIEL CONTI, and NEW YORK CITY POLICE :
OFFICERS "JOHN and JANE DOE"           :
                                       :
              Defendants.              :
------------------------------------------------------------------x
```

SIDNEY H. STEIN, U.S. District Judge.

The relationship between tenant and landlord is a central factor of life for most residents of New York City. This litigation arises out of a particularly discordant landlord-tenant relationship and involves an alleged post-breakfast assault by two tenants against their landlord by means of porridge, pot and knife; the ensuing involvement of our local constabulary; and the commencement and subsequent dismissal of criminal charges against the tenants, leading in turn to this litigation and terminating with this Opinion.

Specifically, this action pursuant to 42 U.S.C. § 1983 stems from the 2001 arrest of plaintiffs Doreen and William Reynolds on charges of assault, criminal possession of a weapon and harassment. After the criminal prosecution against the Reynolds was dismissed in December 2001, they brought this action alleging false arrest, malicious prosecution and failure to intervene against the arresting officers—Police Officers Washington Avila and Daniel Conti—and the City of New York.[1] Defendants have now moved for summary judgment on all counts pursuant to Rule 56 of the

---

[1] Although plaintiffs also named the New York City Police Department ("N.Y.P.D.") as a defendant, not only was it never served with the summons and complaint, but the N.Y.P.D. is not a suable entity. See Jackson v. City of New York, 2005 U.S. Dist. LEXIS 12986 (S.D.N.Y. June 28, 2005).

Federal Rules of Civil Procedure. Because the police officers had probable cause to arrest the plaintiffs and did nothing to coerce prosecution of them, defendants' motion is granted.

I. BACKGROUND

Doreen and William Reynolds rented a second floor apartment from Clair Dennison at 4424 Furman Avenue in the Bronx, where they lived with their two children. (Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("Defs.' 56.1") at ¶ 8; Decl. of Liora Jacobi dated Sept. 16, 2005 ("Jacobi Decl."), Ex. I at 40, 58; Ex. J at 42-43; Plaintiffs' Local Civil Rule 56.1 Statement of Undisputed Facts ("Pls.' 56.1") at ¶ 8; Compl. at ¶¶ 12-13.)

At 11:00 a.m. on August 13, 2001, Dennison called 911 and reported that she had been hit on the head "with [a] pot" and "burned with hot porridge" and that she was "bleeding from [her] neck." (Defs.' 56.1 at ¶ 4; Jacobi Decl., Ex. E.) Defendant Police Officers Avila and Conti responded to the 911 call and Officer Jason DiMurro joined them 20 minutes later. (Defs.' 56.1 at ¶¶ 5, 6; Jacobi Decl., Ex. F at 39-40, Ex. G at 68, Ex. B, Ex. D at 3.)

When Officers Avila and Conti arrived at the Furman Avenue residence, Dennison informed them that Ms. Reynolds "threw hot porridge" on her and "hit her with the empty pot." (Defs.' 56.1 at ¶ 9; Jacobi Decl., Ex. A at ¶ 50, Ex. K, Ex. I at 197; Pls.' 56.1 at 9; Dep. of William Reynolds dated August 22, 2005 ("W. Reynolds Dep.") at 147-167, Ex. C to Decl. of Dan Cherner dated Aug. 22, 2005 ("Cherner Decl.").) Dennison also asserted that Mr. Reynolds had stabbed her arm with a knife. (Id.) Officer DiMurro observed that Dennison had a cut, had "oatmeal or something that look[ed] like that on her head, her clothing" and had "blood stains on her as well." (Dep. of Jason DiMurro dated Apr. 29, 2005 ("DiMurro Dep.") at 41-42, Ex. G to Cherner Decl.; Defs.' 56.1 at ¶ 14; Pls.' 56.1 at ¶ 14.)

Mr. Reynolds, Ms. Reynolds and Dennison were all placed under arrest and taken to the hospital. (Defs.' 56.1 at ¶¶ 19-20; Jacobi Decl., Ex. H at 48, 51-52, 74-78, Ex. D at 3; Pls.' 56.1 at ¶¶ 17-20; W. Reynolds Dep. at 144-167; Cherner Decl., Ex. C.) The treatment report prepared at the

2

hospital for Dennison records that she had sustained "superficial lacerations" on her arm, toes and finger, "first degree burns" on her right thigh and her neck and that she had a "contusion" on her right shoulder and "contusion (bite)" marks to an arm and leg. (Medical Treatment of Prisoner Form at Ex. J to Cherner Decl.; Defs.' 56.1 at ¶ 18; Jacobi Decl., Ex. M; Pls.' 56.1 at ¶ 18.)

Mr. and Ms. Reynolds were both arraigned the next day on charges of assault in the third degree, criminal possession of a weapon and harassment in the second degree. (Defs.' 56.1 at ¶ 22; Jacobi Decl., Ex. N; Pls.' 56.1 at ¶ 22.) The charges against the two were subsequently dismissed and the records sealed. (Defs.' 56.1 at ¶ 23; Jacobi Decl., Ex. O.)

II. DISCUSSION

A. The Summary Judgment Standard

Summary judgment is appropriate if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995); LaFond v. Gen. Physics Serv., Corp., 50 F.3d 165, 171 (2d Cir. 1995). In determining whether a genuine issue of material fact exists, the Court "is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004); see LaFond, 50 F.3d at 171. However, the nonmoving party "may not rely on mere conclusory allegations or speculation, but instead must offer some hard evidence" in support of its factual assertions. Patterson, 375 F.3d at 219 (quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)); see also Akinde v. Bronx-Lebanon Hospital Ctr., 2005 U.S. Dist. LEXIS 17762 *11-12 (S.D.N.Y. August 23, 2005).

B. False Arrest

A claim for false arrest asserted pursuant to 42 U.S.C. § 1983 has four elements: (1) that the defendants intended to confine the plaintiff; (2) that the plaintiff was conscious of his confinement;

3

(3) that the plaintiff did not consent to that confinement; and (4) that the confinement was not otherwise privileged. See Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2004), Golub v. City of New York, 334 F. Supp. 2d 399, 403-04 (S.D.N.Y. 2004). Because police officers are empowered to effect an arrest based on probable cause, "the existence of probable cause to arrest . . . is a complete defense to an action for false arrest." Provost v. City of Newburgh, 262 F.3d 146, 157 (2d Cir. 2001), Golub, 334 F. Supp. at 404. However, when an arrest is made without a warrant, the government bears the burden to demonstrate the existence of probable cause. See Wu v. City of New York, 934 F. Supp. 581, 586 (S.D.N.Y. 1996).

Probable cause to arrest is present when "the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonable trustworthy information to justify a person of reasonable caution in believing that an offense has been committed by the persons to be arrested." See United States v. Gagnon, 373 F.3d 230, 234 (2d Cir. 2004) (internal quotation omitted). Because the determination as to the existence of probable cause is an objective one, the subjective intent of the arresting officer is not relevant. See Arkansas v. Sullivan, 532 U.S. 769, 771-72, 121 S. Ct. 1876, 149 L. Ed. 2d 994 (2001). When law enforcement officers receive information from someone who claims to be the victim of a crime, probable cause exists unless circumstances raise doubt as to the putative victim's veracity. See Singer v Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).

In this case, Officers Avila and Conti had probable cause to arrest the Reynolds. At the time of the arrest, the officers possessed the following information: First, they knew that they were responding to an emergency 911 call in which a victim alleged that she had been hit on the head with a pot, burned with porridge and was bleeding. Second, when the officers arrived at the scene, Ms. Dennison repeated this story, claiming that Ms. Reynolds had hit her on the head with a pot and burned her with oatmeal and that Mr. Reynolds had stabbed her arm with a kitchen knife. Finally, the officers observed that Dennison had injuries thoroughly consistent with this report. Specifically,

the officers observed that Dennison had a cut on her hand, oatmeal on her head and what appeared to be blood stains on her shirt. Moreover, the officers found the Reynolds alone in the kitchen with Dennison. Considered together, this evidence is sufficient to "justify a person of reasonable caution in believing that" the Reynolds had assaulted Dennison in the manner she claimed. Gagnon, 373 F.3d at 234.

Plaintiffs claim that probable cause did not exist because the police officers should have known that Dennison was lying and that she had put the oatmeal on herself. However, a police officer "is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997) (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)). Plaintiffs also allege that the police officers should have known, based on prior visits by the N.Y.P.D. to the address, that Dennison had a propensity to lie. However, given the fact that Dennison appeared to have injuries consistent with having been assaulted by the Reynolds, "a person of reasonable caution" would be justified in believing that the couple had in fact assaulted her, regardless of what may or may not have occurred in previous incidents. Gagnon, 373 F.3d at 234.

Because Officers Avila and Conti had probable cause to arrest the Reynolds, plaintiffs do not have a claim for false arrest.

C. Malicious Prosecution

To sustain their Section 1983 claim for malicious prosecution, the Reynolds must proffer evidence to show "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding;" and (4) actual malice. See Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). The inquiry into the existence of probable cause for prosecution is distinct from that into whether probable cause exists for arrest. See Posr v. Court Officer No. 207, 180 F.3d 409, 417 (2d Cir. 1997). However, as the Second Circuit has clarified, in order for probable cause that existed at

5

the time of arrest to "dissipate" prior to commencement of prosecution, "the groundless nature of the charge must be made apparent [to the defendants] by the discovery of some intervening fact." See Kinzer, 316 F.3d at 144 (quoting Lowth v. Town of Cheektowaga, 83 F.3d 563, 571 (2d Cir. 1996)).

Defendants are entitled to summary judgment as to the Reynolds' malicious prosecution claim because plaintiffs have not offered any evidence of involvement by either Conti or Avila in their criminal prosecution after the initial arrest and charge. See Golub v. City of New York, 334 F. Supp. 2d 399, 407 (S.D.N.Y. 2004) (police officers were entitled to summary judgment on a malicious prosecution claim where there was no evidence of any involvement in the prosecution by the police officers after the original arrest and charge); see also Townes v. City of New York, 176 F.3d 138, 147 (2d Cir. 1999) ("[i]t is well settled" that in the absence of evidence that the police officers misled the prosecuting officer, "the chain of causation" between an arrest and a subsequent conviction and incarceration "is broken by the intervening exercise of independent judgment"). Nor have the Reynolds adduced any evidence that facts had come into Conti or Avila's knowledge that would cause them to believe that the charges against the Reynolds were "groundless." On the contrary, when Dennison was brought to the hospital after the altercation, the hospital records listed injuries consistent with Dennison's account of assault by the Reynolds. Finally, the Reynolds have failed to set forth any evidence whatsoever of actual malice. Accordingly, because probable cause existed at the time of the Reynolds' arrest, and no new facts emerged to dissipate that probable cause prior to commencement of their criminal proceeding, the Reynolds do not have a claim for malicious prosecution. See Lowth, 83 F.3d at 572.

### D. Failure to Intervene

The complaint alleges that each police officer breached his respective duty to prevent the other from falsely arresting plaintiffs. Police officers have "an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). "An officer who fails to

intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know . . . that a citizen has been unjustifiably arrested." Id. (citing Gagnon v. Ball, 696 F.2d 17, 21 (2d Cir. 1982)). However, law enforcement officers' affirmative duty to intervene exists only where a person's constitutional rights have been violated. See id; see also Stefanopoulos v. City of New York, 2005 U.S. Dist. LEXIS 22445 *13 (S.D.N.Y. 2005). Because Avila and Conti had probable cause to arrest the Reynolds, the Reynolds did not suffer a constitutional violation by that arrest. Therefore, Officers Avila and Conti had no duty to prevent each other from making the arrest and the Reynolds do not have a claim for failure to intervene.

### E. Municipal Liability

A municipality may be held liable for constitutional deprivations that arise from an official city policy, practice or custom. See DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998); Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978). Here, as the Reynolds have not adduced facts sufficient to show that they suffered deprivations of their constitutional rights, the City of New York must be dismissed as a defendant.

### III. CONCLUSION

Because probable cause existed for plaintiffs' arrest and prosecution, defendants' motion for summary judgment is granted as to all counts. The Clerk of Court is directed to enter judgment dismissing the complaint.

Dated: New York, New York
October 31, 2005

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.